IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JONATHAN WAYNE RALSTON                                                                PLAINTIFF

v.                        Civil No. 5:24-cv-05082-TLB-CDC

JUDGE CASEY JONES; JUDGE MARK
LINDSAY; PROSECUTING ATTORNEY
COREY ANDERSON; PUBLIC DEFENDER
LEANA HOUSTON; PROSECUTING ATTORNEY
MATTHEW DURRETT; PUBLIC DEFENDER
DENNY HYSLIP; PROSECUTING ATTORNEY
BRIAN LAMB; PROSECUTING ATTORNEY
HANNAH BELL; PROSECUTORS OFFICE AND
STAFF; PUBLIC DEFENDERS OFFICE AND STAFF                                         DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by Plaintiff, Jonathan W. Ralston, pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP").

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1]  Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed this case on April 5, 2024.  (ECF No. 1).  He was granted IFP status the same day.  (ECF No. 3).

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

In Claim One, Plaintiff states that on February 22, 2023, he had his Rule 8.1 hearing before Defendant Jones.[2] (ECF No. 1 at 6).  Plaintiff says Defendant Jones defamed his character by referring to him as a "menace to society." *Id.* Plaintiff believes Defendant Jones was referring to his past criminal history. *Id.*  Plaintiff next alleges that Defendant Durrett is over the Prosecuting Attorneys' Office and responsible for their actions "for not standing up for my civil and constitutional rights." *Id.* at 6-7. Further, Plaintiff states that Defendant Hayslip is over the Public Defenders' Office and is responsible for their actions of "not standing up for my civil and constitutional rights." *Id.* at 7.

In Claim Two, Plaintiff contends that from October 19, 2022, to the present date, the Defendants have prevented him from bonding out because the bond is too high for his family to afford. (ECF No. 1 at 8). Because of this, Plaintiff states he is living in conditions that leave him exposed to possible bodily injury and at risk for diseases due to leaking toilets. *Id.* Plaintiff states his mental and physical health is being put at risk because he cannot obtain the medications he needs. *Id.* Plaintiff indicates his mother has been trying to get him out of jail but cannot do so because the bond is more than she can afford.  *Id.*

As relief, Plaintiff seeks an award of $5 million in compensatory and punitive damages. (ECF No. 1 at 11).  Plaintiff also requests that Defendants be reprimanded for their neglect, inhumane treatment, misconduct, and violations of his civil and constitutional rights.  *Id.*

## II.  LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are

---

[2] Arkansas Rule of Criminal Procedure 8.1 provides: "An arrested person who is not released by citation or by other lawful manner shall be taken before a judicial officer without unnecessary delay."

frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983.  To state a claim under § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the

constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

### A. Defendants Jones and Lindsay

"Few doctrines were more solidly established at common law than the immunity of judges for liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray,* 386 U.S. 547, 553-54 (1967). The Supreme Court "has pronounced and followed this doctrine of the common law for more than a century." *Cleavinger v. Saxner,* 474 U.S. 193, 199 (1985) (citation omitted). Judicial immunity is only overcome in two narrow situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Moreover, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citations omitted). Plaintiff's factual allegations against the Defendant Judges[3] are for actions taken in their judicial capacity. Thus, any claim for damages is barred.

Furthermore, § 1983 precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable. 42 U.S.C. § 1983. Plaintiff has made no such allegation here. Therefore, Defendants Jones and Lindsay are immune from suit.

### B. Defendants Anderson, Durrett, Lamb, and Bell

The *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), United States Supreme Court

---

[3] Plaintiff does not actually mention Defendant Lindsay in his description of his claims other than listing him as a Defendant involved. However, this deficiency cannot be cured by the filing of an Amended Complaint since Defendant Lindsay is immune from suit.

established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id*. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430; s*ee also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).

Plaintiff has failed to allege Defendants Anderson, Durrett, Lamb, or Bell engaged in any conduct other than prosecutorial functions.[4] "Whatever [the prosecutors'] motives may have been . . . [their] conduct in filing [and pursuing] the charges is protected by absolute immunity." *Sample v. City of Woodbury,* 836 F.3d 913, 916 (8th Cir. 2016). Accordingly, Defendants Anderson, Durrett, Lamb, and Bell are entitled to absolute immunity on the individual capacity claims against them. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (County prosecutors were entitled to absolute immunity from suit).

### C. Sovereign Immunity

In Arkansas, judges and prosecuting attorneys are officers of the state. Ark. Const. amend. 80, § 17 and §20. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the state itself." *Will v. Michigan Dep't. of State Police,* 491 U.S. 58, 71 (1989) (citation omitted).

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not

---

[4] Plaintiff does not actually mention Defendants Anderson, Lamb, or Bell in his description of his claims other than listing them as Defendants involved. However, this deficiency cannot be cured by the filing of an Amended Complaint since these Defendants are immune from suit.

be construed to extend to any suit in law or equity, commenced or prosecuted against any one of the United States." U.S. Const. amend XI. "The Eleventh Amendment confirms the sovereign status of the States by shielding them from suits by individuals absent their consent." *Frew ex re. Frew v. Hawkins,* 540 U.S. 431, 437 (2004). "Eleventh Amendment jurisprudence is well-settled: 'a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.'" *Burk v. Beene,* 948 F.2d 489, 492 (8th Cir. 1991) (quoting *Edelman v. Jordan,* 415 U.S. 651, 663 (1974)).

This bar exists whether the relief sought is legal or equitable. *Papasan v. Allain*, 478 U.S. 265, 276 (1986). Furthermore, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will,* 491 U.S. at 71.

Exceptions to the reach of the Eleventh Amendment exist only when the state has unequivocally waived its immunity or Congress has abrogated the immunity. *Hutto v. Finney,* 437 U.S. 678, 693 (1978). The State of Arkansas has not waived its sovereign immunity. *See e.g., Hadley v. North Ark. Cmty. Tech. Coll.,* 76 F.3d 1437, 1438 (8th Cir. 1996). Nor did Congress abrogate sovereign immunity when enacting § 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). The official capacity claims against Defendants Jones, Lindsay, Anderson, Durrett, Lamb, and Bell are barred by the Eleventh Amendment.

### D.  Defendants Houston and Hyslip

Public defenders do not act under color of state law while representing criminal defendants. *Polk Cty. v. Dodson,* 454 U.S. 312, 324 (1981) (neither public defenders nor privately retained defense counsel act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings."). The only allegations Plaintiff has made against Defendants Houston and Hyslip are in connection with their representation of him

in his criminal case.[5]  Plaintiff's claims against Defendants Houston and Hyslip are therefore subject to dismissal.

### E.  Defendants Prosecutors' Office and Public Defenders' Office

Neither the Prosecutors' Office nor the Public Defenders' Office are persons or legal entities subject to suit under § 1983. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacity are persons under § 1983"); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); *Zapata v. Public Defenders Office,* 252 Fed. Appx. 237, 239 (10th Cir. 2007) (public defenders' office is not a person subject to suit under § 1983); *Dingman v. Barron,* Case No. 5:13-cv-05117, 2014 WL 584757, * (W.D. Ark. Feb. 13, 2014).

## IV.  CONCLUSION

Accordingly, it is recommended that the claims be dismissed as the Defendants are either immune from suit or not subject to suit under § 1983.  28 U.S.C. § 1915A(b).  Further, it is recommended that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**Status of Referral:  The referral terminates upon the filing of this Report and Recommendation.**

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are**

---

[5] Defendant Houston was not mentioned in Plaintiff's statement of facts other than being listed as a Defendant involved.  As with the other Defendants, the filing of an Amended Complaint would serve no purpose as Defendant Houston is not subject to suit under § 1983.

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**RECOMMENDED** this 6th day of May 2024.

                                                      */s/ Christy Comstock*
                                                      CHRISTY COMSTOCK
                                                      UNITED STATES MAGISTRATE JUDGE